IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO. 5:19-CR-22 MOC |
| | ) | |
| vs. | ) | **Response to Motion to Amend** |
| | ) | **Scheduling Order and Request** |
| 1) GREG E. LINDBERG, | ) | **a Peremptory Setting** |
| 2) JOHN D. GRAY, | ) | |
| 3) JOHN V. PALERMO, JR., and | ) | |
| 4) ROBERT CANNON HAYES. | ) | |
| | ) | |
| | ) | |

The government objects to a severance of defendant Greg E. Lindberg from the other three defendants charged in the same conspiracy for the purpose of trial. While the government does not object to continuing the trial date to February 2020, as requested by three defendants, and does not object to maintaining the trial date in November 2019, as requested by defendant Greg E. Lindberg, the government does object to severing this matter for two trials, which will be an unnecessary waste of judicial and prosecutorial resources.

## Procedural History

On March 18, 2019, a grand jury in the Western District of North Carolina returned a Bill of Indictment against four defendants—Greg E. Lindberg, John D. Gray, John V. Palermo, and Robert Cannon Hayes—for one count of conspiracy to commit honest services wire fraud in violation of Title 18, United States Code, Section 1349, and one count of bribery concerning programs receiving federal funds and aiding and abetting, in violation of Title 18, United States Code, Sections 666 and 2. (Docket 3). The Bill of Indictment includes three additional charges of making false statements, in violation of Title 18, United States Code, Section 1001 against

defendant Robert Cannon Hayes.  The Bill of Indictment was unsealed and all defendants appeared on April 2, 2019, and were released on bond without objection from the government.

Since their initial appearance, the four defendants have jointly requested three continuances of the trial term; the government has not objected.  On April 16, 2019, defendants Greg E. Lindberg, John V. Palermo, and Robert Cannon Hayes jointly moved to continue the trial date; defendant John D. Gray had not yet retained counsel, so could not join the motion.  (Docket 36).  This Court granted the motion and continued the trial to the July 2019 term.  (Docket 39.)  On May 23, 2019, all four defendants jointly moved for a pretrial conference to discuss continuing the July 2019 trial.  (Docket 46.)  This Court construed the request as a motion to continue and continued the matter to the September 2019 term (Docket 49.)  On July 30, 2019, all four defendants moved to continue the trial date (Docket 53), which this Court granted, continuing the trial to the November 2019 term.  (Docket 54.)

On September 17, 2019, three defendants—John D. Gray, John V. Palermo, and Robert Cannon Hayes—filed a Motion to Amend Scheduling Order and Request a Peremptory Setting, requesting to continue the trial date in this matter to February 18, 2020.  (Docket 61.)  The government did not—and does not—oppose the request.  On September 23, 2019, defendant Greg E. Lindberg filed a response requesting that he be severed from his co-defendants, and his trial remain on this Court's November 2019 term.  (Document 66.)  All of the defendants estimate that a trial will last multiple weeks.  (Docket 61, 64-1 n.1.)  The government objects to a severance.

## **Applicable Standard**

This Court has previously set out the applicable standard for severance in denying a similar request to sever the trials of co-conspirators when one defendant expressed readiness for

trial, while the others were not ready. *United States v. Dodt*, Docket No. 3:15-CR-00213-MOC-DSC, 2019 WL 452772 (W.D.N.C. Feb. 5, 2019). As this Court correctly stated, motions to sever are governed by a two-step analysis set forth in Rules 8 and 14 of the Federal Rules of Criminal Procedure: (1) defendants must be properly joined by the grand jury in accordance with Rule 8; and (2) joinder must not be unfairly prejudicial to a defendant when "weighed against the court's interest in judicial economy" under Rule 14. *Id.* (internal citations omitted).

Rule 8 states joinder is appropriate if the defendants "are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." And, as this Court noted, the Fourth Circuit strictly adheres to the principle that defendants indicted together, should be tried together, a presumption that is particularly strong in conspiracy cases such as the instant case. *Id.* Rule 14 allows for severance if joinder is prejudicial, but a claim of prejudice must be weighed against judicial economy. *Id.* Defendants seeking severance face a high burden and "must establish that actual prejudice would result from a joint trial." *Id.* (internal citation omitted.) Indeed, a moving defendant must show that his joinder with his co-defendants would impair his constitutional right to a fair trial. *Id.*

### Argument

In the instant case, the defendants are properly joined as co-conspirators—involved in the same transaction—under Rule 8. There has been no showing, pursuant to Rule 14, that joinder of the defendants would impair the others' rights to a fair trial at this time. To the extent that defendant Greg E. Lindberg is relying upon his right to a speedy trial for his severance motion, a continuance of three months—after the defendant himself joined in the request for three prior continuances—can hardly be said to affect his right to a speedy trial. *See Dodt*, 2019 WL 452772. No further basis for severance has been set forth at this time.

## Conclusion

The government requests that the defendants remained joined for trial in this matter, whether that be in November 2019 (as requested by one defendant) or February 2020 (as requested by three defendants).

Dated: September 24, 2019

R. ANDREW MURRAY
UNITED STATES ATTORNEY

*s/ Dana Washington*
William Stetzer
Dana Washington
Assistant United States Attorneys

JOHN D. KELLER
ACTING CHIEF, PUBLIC INTEGRITY SECTION

*s/ James C. Mann*
James C. Mann
Trial Attorney