# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
## DOCKET NO. 5:19-CR-22-MOC-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | |
| ) | |
| 1) GREG E. LINDBERG, ) | |
| 2) JOHN D. GRAY, ) | **ORDER** |
| 3) JOHN V. PALERMO, JR., and ) | |
| 4) ROBERT CANNON HAYES. ) | |
| ) | |
| Defendants. ) | |
| ) | |

THIS MATTER is before the Court upon Motion of Defendants John D. Gray, John V. Palermo, Jr., and Robert Cannon Hayes to reset the pretrial motions deadline and all other related deadlines as identified in the Scheduling Order in the above-captioned case and to request a peremptory setting. (#61). Finding good cause for granting the relief requested, the Court **GRANTS** the motion and enters the following order:

This Order is intended to eliminate unnecessary continuance or discovery motions and to expedite the presentation of evidence and the examination of witnesses. To the extent it conflicts with any administrative order in this District, this Order shall govern. Defendants were indicted under seal for alleged violations of Conspiracy to Commit Honest Services Wire Fraud (18 U.S.C. § 1349) and Bribery Concerning Programs Receiving Federal Funds (18 U.S.C. § 666). Mr. Hayes was also indicted for alleged False Statements (18 U.S.C. § 1001). The indictment was unsealed on April 2, 2019, and Defendants were arrested and arraigned the same day. All four entered pleas of not guilty. The indictment alleges a complex scheme to bribe the Commissioner of the North Carolina Department of Insurance that exceeded more than one year in length, and it specifically names the then-sitting Chairman of one of the state's two largest political parties. The discovery

1

is voluminous and much of the information is contained in un-transcribed audio and video recordings collected over the better part of a year. This Court has been made aware of the status of discovery and is confident that both sides are proceeding in good faith and as expeditiously as possible given the volume and nature of the materials that have been or will be disclosed.

By motion dated September 17, 2019, defense counsel has described the extraordinary volume of discovery that has and continues to be disclosed and the additional resources that have been deployed to review the disclosed materials in order to be useful for the formulation of pretrial motions. Defendants have requested that pretrial motions be filed by December 2, 2019, and the United States does not oppose this request.

Defendants' Motion is **ALLOWED,** and it is therefore **ORDERED** that the parties shall conduct a pretrial conference after all pending pretrial motions have been addressed and on a date set by the Court; the pretrial motion filing deadline shall be reset to **December 2, 2019**; government responses shall be due not later than thirty (30) days after the filing of the Defense motion to which the government responds; defense replies shall be filed not later than fifteen (15) days after the filing of the applicable government responses. Defense counsel need not move for disclosure of evidence which has already been ordered disclosed under the terms of this Order. All parties are reminded of their continuing duty to disclose discovery materials pursuant to Rule 16(c) of the Federal Rules of Criminal Procedure.

The Court finds that the government's and the public's interest in a speedy trial is outweighed by Defendants' interest in obtaining voluntary discovery and having sufficient time to review that discovery in order to frame appropriate motions and prepare for trial. Therefore, the time period from the date of this Order until the date of trial set below is excluded under 18 U.S.C. § 3161(h)(7).

**IT IS FURTHER ORDERED** that in accordance with 18 U.S.C. § 3161(h)(6), this matter is continued as to the remaining co-defendant and the time is excluded as a reasonable period of delay as such defendants are joined with a co-defendant whose case has been continued from the term and as to whom the time for trial has not run and no motion for severance has been granted.

Failure by any party to raise defenses or objections, or to make requests that must be made prior to trial at the time set forth in this scheduling order or prior to any extension made by the Court, shall constitute a waiver thereof pursuant to Federal Rule of Criminal Procedure 12(f). The parties will receive no further notice of these dates.

For scheduling purposes, it is therefore ordered:

1. A pretrial conference will be held on **December 9, 2019.**

2. To the extent that they have not already done so, no later than **November 15, 2019**, the government shall do the following:

    (a) Provide defense counsel with all information described in Federal Rule of Criminal Procedure 16(a)(1); and

    (b) Permit defense counsel to inspect and copy or photograph any exculpatory/impeachment evidence within the meaning of Brady v. Maryland, 373 U.S. 83 (1963), United States v. Agurs, 427 U.S. 97 (1976), and Giglio v. United States, 405 U.S. 150 (1972). A list of such evidence shall be prepared and signed by all counsel. Copies of the items which have been disclosed shall be initialed or otherwise marked.

3. Reciprocal discovery should also be completed by **November 15, 2019**.

4. Pretrial Motions, including any motion for a bill of particulars but excluding any motions *in limine*, are due on **December 2, 2019**.

5. The change of plea deadline shall be **January 7, 2020**.

6. Within ten (10) days following the date of the change of plea deadline, the government and defense counsel shall meet and confer for the purpose of resolving or minimizing the issues in controversy.

7. Witness lists, proposed voir dire, proposed jury instructions, and a proposed verdict form (submitted directly to chambers) shall be due on **February 10, 2020**.

8. Motions *in Limine* shall be filed no later than **February 10, 2020**.

9. The final pretrial conference shall be held on **January 30, 2020**. At the final pretrial conference, counsel must be prepared to discuss all matters that will promote a fair and expeditious trial, including but not limited to the following: (1) a potential summary of charges to be read to the jury; (2) anticipated evidentiary issues; (3) length of trial; and (4) special arrangements for the presentation of witnesses and other evidence (e.g., need for interpreters, ADA compliant access, etc.). Defendants do not have to be present at the final pretrial conference.

10. Trial briefs shall be submitted to the Court by **February 10, 2020**. The decision to submit trial briefs shall remain optional and in the discretion of each party.

11. Trial shall begin on **February 18, 2020**, and it shall be held in the federal courthouse in Charlotte, in a courtroom to be determined at a later date.

12. Exhibits:
    (a) All exhibits must be marked in advance of trial.
    (b) A list of proposed exhibits shall be submitted directly to chambers by each of the parties no later than **February 10, 2020**.

(c) Counsel are required to maintain a record of all admitted exhibits during trial. Counsel for each party must keep custody of that party's admitted exhibits during trial. A party who objects to this provision must file a written objection prior to jury selection.

13. Nothing in this Order shall be construed to require the disclosure of Jencks Act (18 U.S.C. § 3500) material prior to the time that its disclosure is required by law. Nevertheless, the Court urges the government to disclose Jencks Act materials well in advance of trial. In the event that some materials are not disclosed sufficiently in advance of a government witness's testimony, the Court will allow a reasonable amount of additional time during trial for the defense to prepare before proceeding.

14. The duty to disclose is continuing, even throughout trial.

15. Consistent with Federal Rule of Criminal Procedure 24(b), the government is allowed six (6) peremptory challenges and Defendants are allowed fourteen (14) peremptory challenges. Each defendant shall have two (2) peremptory challenges and the remaining six (6) defense challenges shall be exercised jointly. The Court will select twelve (12) regular and two (2) alternate jurors. Alternate jurors are not told they are alternates; they are dismissed by random draw at the conclusion of all evidence.

16. Voir dire will be conducted by the Court. Counsel should submit proposed voir dire questions in writing by the deadline set forth in the scheduling order. Attorneys may present follow-up questions to the jury as provided by Federal Rule of Criminal Procedure 24(a)(2)(A).

17. The parties must meet and confer prior to trial to discuss jury instructions. By the deadline established in this Order, the parties must submit directly to chambers a single set of

proposed, stipulated jury instructions, including specification of any disagreements. The Court shall utilize its own standard introductory and concluding instructions. Each party is responsible for submitting all instructions related to the specific charges or defenses and special instructions relating to evidence.

18. By the deadline established in the scheduling order, and to enable the Court to better estimate the length of trial, each party shall submit directly to chambers a list of witnesses by name and agency (if appropriate), whom the party reasonably anticipates it will call to testify at trial, noting the approximate amount of time it anticipates will be needed for examination of each such witness. This list should NOT be electronically filed or otherwise submitted to the Clerk's Office.

19. When either party has been made aware of the existence of expert analysis of an exhibit (which analysis has been determined by an expert in their relevant field), the results of the analysis and the opinion of the expert will be admitted into evidence unless the opposing party files a notice with the Court prior to the final pretrial conference, indicating that the analysis will be contested.

20. Nothing in these procedures is designed to preclude discovery by the government under the Federal Rules of Criminal Procedure, nor to alter Defendants' obligation, if any, under Federal Rule of Criminal Procedure 16(b).

**SO ORDERED.**

Signed: October 25, 2019

Max O. Cogburn Jr.
United States District Judge